UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | | |
|---|---|---|
| ABBY G. SMITH, | § | |
| | § | |
| Plaintiff. | § | |
| | § | |
| V. | § | CIVIL ACTION NO. 3:24-cv-00346 |
| | § | |
| UNITED STATES, *et al.*, | § | |
| | § | |
| Defendants. | § | |

## ORDER

Pending before me is Plaintiff Abby Smith's Motion for the Appointment of Counsel. *See* Dkt. 10. Smith brings this suit against various government organizations and Abbott Laboratories, the pharmaceutical manufacturer of the medication Depakote, for injuries that she and her husband have allegedly suffered as a result of her husband taking Depakote.[1] Smith claims that she has tried and failed to secure an attorney to represent her in this matter. Requesting counsel, she argues this case "is too important to be adjudicated by a layman." *Id.* at 2.

I sympathize with Smith and all other pro se litigants who are unable to retain counsel. Ideally, every litigant who appears before this court is represented by a zealous advocate who champions his/her client's cause. The reality of the situation, however, is that Congress has earmarked no funds for such representation and this court cannot order an unwilling member of the bar to assume representation for no compensation.

"[T]he appointment of counsel in a civil case is a privilege and not a constitutional right." *Lopez v. Reyes*, 692 F.2d 15, 17 (5th Cir. 1982). Although

---

[1] To the extent Smith purports to represent her husband in this litigation, in addition to herself, the law does not permit it. I addressed Smith's inability to represent her husband's interests in an order entered today in an identical case that Smith instituted under her husband's name. *See* Order, *Smith v. United States*, Case No. 3:24-cv-345 (S.D. Tex. Mar. 4, 2025).

"[t]here is no right to appointment of counsel in civil cases, . . . a district court may appoint counsel if doing so would aid in the efficient and equitable disposition of the case." *Delaughter v. Woodall*, 909 F.3d 130, 140 (5th Cir. 2018) (quotation omitted); *see also Ulmer v. Chancellor*, 691 F.2d 209, 212 (5th Cir. 1982) (as a general rule, an attorney should be appointed in a civil case only if "exceptional circumstances" exist). The decision whether to appoint counsel rests within the sound discretion of the trial court. *See Caston v. Sears, Roebuck & Co.*, 556 F.2d 1305, 1308 (5th Cir. 1977).

The factors a district court should consider when determining whether to appoint counsel include:

> (1) the type and complexity of the case; (2) whether the indigent is capable of adequately presenting his case; (3) whether the indigent is in a position to investigate adequately the case; and (4) whether the evidence will consist in large part of conflicting testimony so as to require skill in the presentation of evidence and in cross examination.

*Ulmer*, 691 F.2d at 213.

This case does not present unique or complex issues to justify the appointment of counsel. To the contrary, as demonstrated by the attachments to Smith's complaint, many of the factual issues that underpin Smith's allegations have already been developed in the enforcement action that the Food and Drug Administration brought against Abbott Laboratories for its promotion of Depakote. *See* Dkt. 1 at 13–23. While admittedly upsetting, Smith's claims are relatively routine product liability claims that do not constitute exceptional circumstances supporting the appointment of counsel. *See, e.g., Foster v. Anheuser Busch Cos.*, 209 F.3d 720, at *1 (5th Cir. 2000) (denying appointment of counsel in product liability action against beer manufacturer); *Cormier v. Singh*, No. 17-1103, 2019 WL 13242643, at *2 (M.D. La. Mar. 14, 2019) (denying pro se litigant's motion for appointment of counsel in product liability action against manufacturer of polypropelene mesh for hernia repair); *Cole v. Janssen Pharms., Inc.*, 265 F. Supp. 3d 892, 902 (E.D. Wis. 2017) (denying pro se litigant's request

for appointment of counsel in product liability action against pharmaceutical manufacturer of Risperdal). Given that Smith has set forth her allegations in an extremely detailed complaint, I have no reason to believe that she is incapable of presenting her case without assistance. Likewise, I have no basis to find that Smith is unable to adequately investigate her case. As for whether the evidence will largely consist of conflicting testimony so as to require skill in the presentation of evidence and in cross examination, I cannot make such a determination at this early juncture of the case.

Smith has not, at this time, demonstrated exceptional circumstances to support the appointment of counsel. Should this case proceed to trial, the court may—on its own motion—reconsider whether the circumstances warrant appointing of counsel. Smith's Motion for the Appointment of Counsel (Dkt. 10) is **DENIED**.

Before closing, I must address the problem with service. "If a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time." FED. R. CIV. P. 4(m). This case was filed on November 27, 2024. An initial scheduling conference is currently set for March 5, 2025. *See* Dkt. 4 at 1. More than 90 days have passed since this lawsuit was filed and no defendant has been served.

**I will give Smith an additional 30 days, until Thursday, April 3, 2025, to serve defendants. But Smith should be warned: failure to serve defendants by this deadline will result in the dismissal of this case**.

SIGNED this 4th day of March 2025.

_____
ANDREW M. EDISON
UNITED STATES MAGISTRATE JUDGE